HOPE FLOORING & LUMBER COM-
PANY and Commercial Standard In-
surance Company, Interveners, Appel
lants,

v.

Mrs. Lee E. BOULDEN, Administratrix
of the Estate of Lee E. Boulden, De-
ceased, Appellee.

No. 14895.

United States Court of Appeals
Eighth Circuit.

Sept. 3, 1954.

Shields M. Goodwin, Little Rock, Ark.
(Riddick Riffel, Little Rock, Ark., with
him on the brief), for appellants.

John H. Lookadoo, Arkadelphia, Ark.
(Lookadoo & Lookadoo, Arkadelphia,
Ark., with him on the brief), for appel-
lee.

Before SANBORN, JOHNSEN and
COLLET, Circuit Judges.

JOHNSEN, Circuit Judge.

This case involves a somewhat impor-
tant question of Arkansas procedural
law, which had not been settled by the
courts of that State when the appeal was
argued to us, but which was then the
subject of pending litigation between
other parties in those courts. Under the
circumstances, we deemed it advisable to
withhold our disposition, until expression
had been made upon the question in that
litigation by the Arkansas Supreme
Court. That Court has now spoken.
Winfrey & Carlile v. Nickles, Adm'r,
270 S.W.2d 923.

The question is whether a lawyer is
entitled to charge, or a court has the
right to allow, without an order on the
part of the Arkansas Workmen's Com-
pensation Commission, an attorney's fee
on that portion of the funds of a settle-
ment or a recovery, obtained by a work-
man or his personal representative from
a third party, to which the workman's
employer and the latter's insurance car-
rier are subrogated, under Ark.Stats.
1947, § 81–1340, as revised by Acts 1949,
No. 4, § 40, p. 1420, by virtue of such
employer's and carrier's liability to the
workman or his dependents for benefits
under the Workmen's Compensation Law
of that State, Ark.Stats.1947, § 81–1301

et seq., as revised, which liability they have duly admitted.

The Arkansas Workmen's Compensation Commission had made the administrative construction of § 81–1340, as revised, in connection with a distribution of proceeds of that character, in the case which became the subject of review by the Arkansas Supreme Court, that "an attorney entering a third party action, being aware of, or chargeable with, the knowledge of the rights of all the parties thereto, where a fee is to be contracted for upon a percentage basis, must limit his percentage to the amount of the recovery effected over and above that amount that must be reimbursed to the employer, or compensation carrier, for the amount of their compensation liability paid, or to be paid, by reason of the accidental injury or death, and  *  *

no fee can be charged against that amount representing the reimbursement fund against which the employer or his compensation insurance carrier has a lien for their compensation liability, except upon petition for, and allowance of same by the Commission." [1]

The state trial court in that case, where a contested trial and jury submission had been involved, had refused to follow the Commission's administrative ruling on the distribution necessary under the statute of such part of the proceeds and, without the approval of the Commission, had allowed the attorneys for the employee's personal representative a fee out of the portion of the recovery to which the employer and his insurance carrier were subrogated by reason of their admitted compensation liability, in addition to an allowance out of the share of the recovery to which the

---

1. Ark.Stats.1947, § 81–1340, as revised, contains the following provisions:

Subsection (a) authorizes an employee or his dependents to make claim or maintain an action against any third party for the employee's injury, without prejudice to the right to compensation benefits from the employer or his insurance carrier, but requires the giving of reasonable notice to the employer or his carrier and opportunity to them to join in the action and "If they, or either of them, join in such action they shall be entitled to a first lien upon two thirds of the net proceeds recovered in such action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his dependents", and further "any amount recovered by the injured employee or his dependents from a third party shall be applied as follows: Reasonable costs of collection shall be deducted; then one-third of the remainder shall, in every case, belong to the injured employee or his dependents, as the case may be; the remainder, or so much thereof as is necessary to discharge the actual amount of the liability of the employer and the carrier; and any excess shall belong to the injured employee or his dependents."

Subsection (b) similarly grants to an employer or an insurance carrier, as a matter of subrogation, the right to maintain an action in tort against any third party responsible for an employee's in-

jury or death, subject to the giving of reasonable notice and opportunity to be represented on the part of the compensation beneficiary and with the following provision as to distribution: "After recovery shall be had against such third party, by suit or otherwise, the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and carrier have paid or are liable for in compensation, after deducting reasonable costs of collection, and in no event shall the compensation beneficiary be entitled to less than one-third of the amount recovered from the third party, after deducting the reasonable cost of collection."

Subsection (c), which is the one by which the Workmen's Compensation Commission's position, as referred to above, was controlled, and which is the basis of appellants' contention here, reads as follows: "Settlement of such claims under subsections (a) and (b) of this section must have the approval of the Court or of the Commission, except that the distribution of that portion of the settlement which represents the compensation payable under this act must have the approval of the Commission. Where liability is admitted to the injured employee or his dependents by the employer or carrier, no cost of collection shall be deducted from that portion of the settlement under subsections (a) or (b) of this section, representing compensation, except upon direction and approval of the Commission."

personal representative was directly entitled. The insurance carrier appealed, and the Arkansas Supreme Court affirmed the trial court's order. See Winfrey & Carlile v. Nickles, Adm'r, 270 S.W.2d 923.

The basis of the Court's affirmance was the fact that the proceeds in question, as indicated above, were shown to be the product of a contested trial and jury submission, and its view that the provisions of subsection (c) of § 81–1340, supra, as to procuring the approval of the Commission to distributions of any proceeds, representing compensation reimbursement, obtained from a third party, and as to not deducting any costs of collection from such proceeds, "except upon direction and approval of the Commission", where the employer or the insurance carrier had admitted liability for compensation, were without application to funds which had had to be thus contestedly recovered. The Court said that, in having made the requirement in subsection (c) for obtaining the approval of the Commission, "the legislature meant compromise settlements only", and that the subsection "does not apply to a contested case." 270 S.W.2d at page 926.

The present situation is like that case, to the extent that it is one where, without the approval of the Arkansas Workmen's Compensation Commission, the trial court allowed, to the attorney for the personal representative of a deceased employee, an attorney's fee out of the portion of some funds, collected from a third party, that represented subrogated compensation reimbursement to the employer and his insurance carrier, in addition to an allowance out of the share of the funds to which the personal representative was directly entitled, and also entered a conforming order of distribution. The appeal here is taken by the employer and the insurance carrier.

The abbreviated printed record before us does not enable us to tell whether the trial court, in viewing it as unnecessary for the personal representative's attorney to seek the approval of the Workmen's Compensation Commission to the allowance of an attorney's fee out of the compensation reimbursement funds, did so on the basis of the distinction drawn by the Arkansas Supreme Court or on some other basis. Statements contained in the brief of appellee (prepared before the Arkansas Supreme Court decision) suggest that appellee, at that time at least, viewed the trial court's holding as being one to the broad effect that § 81–1340, supra, did not intend that the Workmen's Compensation Commission should have anything whatsoever to say or do about funds collected by an employee or his personal representative from a third party, no matter how they had been obtained, until "after [the] attorneys had been paid." Whether this was in fact the construction and application which the court made of the statute, we are not able to determine from the printed record.

Since the decision of the Arkansas Supreme Court, however, appellee, by supplementary written expression, has argued that the situation involved should be held by us to be one that is within the category of what that Court referred to as "a contested case." Appellants, on the other hand, contend that the funds in question are in actual nature and fact merely proceeds of a compromise settlement. The record, in its present state, does not enable us to make an absolute answer to the question, one way or the other.

The record does indicate that an action had been instituted by appellee (the deceased employee's personal representative) against the third party involved, and that the third party had filed an answer, and the employer and the insurance carrier a petition of intervention, in that suit. But the contents of the complaint and the answer are not before us, nor are the details clear of what adversarial path may thereafter have existed in the litigation, although the amount paid seems to have been cloaked, outwardly at least, with a judgment form.

We would not feel warranted in abstractly assuming that the opinion of the

Arkansas Supreme Court means that a mere filing of pleadings in court of itself has the effect, for purposes of the distinction which the Court drew in relation to subsection (c) of § 81–1340, supra, of necessarily lifting whatever payment may be thereafter made by the third party, for purposes of the statute, into the category of fruits of "a contested case."

Nor do we feel entitled to hold abstractly that what may be in fact a compromise settlement of a claim against a third party, without representing the product of such legal services and processes as are usually incident to the preparing, conducting and terminating of litigation, will nevertheless automatically acquire the status of proceeds of "a contested case", within the use of that term in the Arkansas Supreme Court opinion, merely because the parties, or one of them, may desire, for some extraneous reason or purpose, to have the court cloak the settlement with the formality of a judgment entry.

For these reasons, we think that the case should be remanded to the trial court, to enable the conflicting contentions of compromise settlement and contested case, now being abstractly urged before us, to be developed and considered in their full light, and with the benefit of that court's knowledge of the nature of the proceedings had before it. Furthermore, since the trial court's previous act of allowance cannot here be said to have been made in relation to the construction of the statute contained in the Arkansas Supreme Court's opinion, it seems only fair that the court should have the opportunity to consider and dispose of the situation on that basis.

To enable this to be done, the judgment will be vacated and the cause will be remanded for further proceedings. Neither party will be allowed costs in this court.

Judgment vacated and cause remanded.

A true copy.